UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELVIN L. HARRIS,

                Plaintiff,

    v.

KING COUNTY JAIL SERVICES, JOHN and JANE DOE'S,

                Defendants.

Case No. C13-853-RSL-BAT

**REPORT AND RECOMMENDATION**

King County Jail inmate, Melvin Harris alleges defendants violated his rights under 42 U.S.C. § 1983 by failing to provide him medical records that he requested. Mr. Harris proceeds pro se and in forma pauperis. Because Mr. Harris's amended complaint fails to state a claim upon which § 1983 relief may be granted, the Court recommends the complaint be **DISMISSED** with prejudice.

In the original complaint filed on May 14, 2013, Mr. Harris alleged he "requested copies of his medical records so that [he] could demonstrate [his] damages in a claim filed with King County Risk Management. Both times I was denied my records." Dkt. 1. In support, Mr. Harris attached a letter he received from King County Health Compliance Officer Tyer Entrekin which contradicted this claim. The letter dated February 5, 2013, stated:

    Your medical grievance requesting information was received in the

REPORT AND RECOMMENDATION - 1

> Public Health Compliance Office on January 28, 2013. Your request asks for the following: The name of the Director of Jail Health Services and the first name of Dr. Lange. If you are requesting other specific information or records, please clarify what it is you are seeking, as the names of the individuals listed above are all I am able to determine you are seeking. The name of the Director of the Jail Health services is listed in King County's online directory and I am enclosing a copy of the printed directory sheet listing that information for you. With regards to Dr. Lange's first name, you will have to request that information through a release of information process in order to obtain this information, as the names of the medical staff are not listed in the online directory. I am also enclosing the form for the ROI process.

*Id*. The Court reviewed the complaint under 28 U.S.C. § 1915A and advised Mr. Harris the complaint was subject to dismissal because it failed to set forth sufficient facts to show his federal constitutional or federal statutory rights had been violated. Dkt. 6. Because the complaint was deficient, the Court granted Mr. Harris leave to file an amended complaint; the Court also directed Mr. Harris to state in the amended complaint the federal constitutional or federal statutory rights violated, the specific facts supporting the alleged violations, the person who allegedly committed the violation, and the harm caused by the alleged violations. *Id.*

On May 29, 2013, Mr. Harris filed an amended complaint dropping some of the original defendants and naming new defendants: King County Jail Health Services and John and Jane Doe's. Dkt. 7. The complaint alleges:

> On or about 10/30/2012, I filed a tort claim with the King County Risk Management Program alleging medical negligence by the King County Jail Health Services. For the purpose of submitting medical records as evidence to support allegations, demonstrate damages, and prepare a civil complaint for litigation in a court of law, I requested my medical records from the Jail Health Services on more than one occasion. Attached to my original civil-rights complaint were two (2) medical grievances that shows the action of my request. Jail Health Services has denied me access to privileged information that is afforded me by law. As a direct and proximate cause of the facts herein, I sustained injuries to my tort claim and mind to the exact extent of which are unknown, but

REPORT AND RECOMMENDATION - 2

>which caused real harm. As a further direct and proximate result of the facts alleged herein, I continue to suffer mental anguish, mental injury and harm to my claim. That as a direct and proximate result of the facts alleged herein, I'm entitled to damages in an amount proven at trial.

*Id*. Although the amended complaint is longer than the original complaint it fails to state a claim upon which §1983 relief may be granted.

In a § 1983 action, a plaintiff must show the defendants acting under color of state law deprived the plaintiff of rights secured by the United States Constitution or a federal statute.[1] A pleading that states a claim for relief must contain a short and plain statement showing that the plaintiff is entitled to relief and a demand for the relief sought. *See* Fed. R. Civ. P. 8(a). Generally, a federal court will hold the pleadings of a pro se litigant to less stringent standards than formal pleadings drafted by lawyers.[2] However, this rule "applies only to a plaintiff's factual allegations,"[3] and the Court's "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."[4] Even affording Mr. Harris the greatest leeway, the amended complaint fails to state a claim upon which § 1983 may be granted.

First, the facts contained in the original complaint and amended complaint and the attachments show the Jail Health Service did not violate Mr. Harris's rights by failing to provide him medical records. Rather Mr. Entrekin's letter shows (1) Mr. Harris asked for the name of the Director of Jail Health Services and the first name of Dr. Lange but did not ask for other records; (2) Mr. Harris was advised that if he was seeking additional records he should clarify what those records were; and (3) Mr. Harris was provided the Director's name and given

---

[1] *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).
[2] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[3] *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).
[4] *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

REPORT AND RECOMMENDATION - 3

information on the procedures to obtain information about Dr. Lange's name.  Hence contrary to Mr. Harris's allegations, the defendants responded to Mr. Harris's requests for information; provided him with the information he asked for, asked him to clarify whether there were other records he was seeking and advised him how to obtain further information about Dr. Lange.  Based on these facts, there is no basis to conclude that the defendants violated Mr. Harris's rights by denying him medical records.

Moreover, Mr. Harris has not identified anything showing that his federal constitutional of federal statutory rights have been violated.  Washington State has state statutory procedures regarding a health care provider's obligations to provide a patient his or her medical records.  *See, e.g.,* RCW 70.02.080.  But while a violation of a state statute might be grounds to bring a law suit in a state court, it is not sufficient grounds to support a federal claim.

Accordingly, because the complaint and amended complaint fail to set forth facts that state a claim upon which relief may be granted under § 1983, the Court recommends the matter be **DISMISSED** with prejudice.  A proposed Order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed no later than **June 28, 2013**.  The Clerk should note the matter for **July 5, 2013** as ready for the Court's consideration.  Objections shall not exceed five (5) pages.  The failure to timely object may affect the right to appeal.

DATED this 7th day of June, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4